FILED
 2016 Jun-16 PM 03:37
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **Timothy Weakley,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No.: 2016-0403-HGD** |
| **Jenifer Roberts, Quality** ) | |
| **Companies, and Element Financial,** ) | |
| ) | |
| **Defendants.** ) | |

## ADDENDUM TO DEFENDANTS' AMENDED MOTION TO DISMISS AND TO DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS

COME NOW Defendants **Jennifer Roberts** ("Ms. Roberts"), incorrectly identified in the Amended Complaint as Jenifer Roberts, **Quality Companies, LLC** ("Quality Companies"), improperly named in the Amended Complaint as Quality Companies, and **Element Financial Corporation** ("Element Financial"), improperly named in the Amended Complaint as Element Financial, by and through undersigned counsel, and hereby submit this Addendum to Defendants' Amended Motion to Dismiss and to Defendants' Reply to Plaintiff's Response to Defendants' Amended Motion to Dismiss. As grounds therefore, Defendants state as follows:

1. Since the Defendants submitted their Amended Motion to Dismiss (the "Amended Motion") and their Reply to Plaintiff's Response to their Amended Motion to Dismiss (the "Reply"), the Defendants have discovered the lease agreements in question contained a governing law clause.

2. The lease agreements are to be construed under Pennsylvania law.

3. However, Pennsylvania law is no different than Alabama law with regards to the Defendants' Amended Motion to Dismiss argument.

4. In the Amended Motion and the Reply, Defendants explained Alabama law does not recognize a tort-like cause of action for negligence or gross negligence where the allegedly breached duty was imposed by a contract. Because Plaintiff Timothy Weakley's ("Mr. Weakley") only remaining claim is for "breach of contract through negligence and/or gross negligence," the Amended Motion and Reply argue Mr. Weakley has failed to state a claim for which relief can be granted. The Defendants' argument remains unchanged because Pennsylvania law mirrors Alabama law on this issue.

5. Pennsylvania courts have routinely held "the important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bash v. Bell Telephone Co.*, 411 Pa. Super. 347, 356 (1992) (quoting *Iron Mountain Security Storage Corporation v. American Specialty*

*Foods, Inc.*, 457 F. Supp. 1158, 1165 (E.D. Pa. 1978)); *see also Closed Circuit Corporation of America v. Jerrold Electronics Corporation,* 426 F. Supp. 361, 364 (E.D. Pa. 1977) (explaining in depth the distinct difference between contract claims and tort claims)).

  6. Even if this Court chooses not to dismiss this matter due to Mr. Weakley's failure to plead a cognizable claim, Pennsylvania courts have recognized the "gist of the action doctrine" allowing for the dismissal of negligence claims which are no more than re-characterized contract claims. *See Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014); *see also Reardon v. Allegheny College*, 926 A.2d 477, 485 (Pa. Super. 2007). The gist of the action doctrine operates to foreclose tort claims:

   1) arising solely from the contractual relationship between the parties;

   2) when the alleged duties breached were grounded in the contract itself;

   3) where any liability stems from the contract; and

   4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. 2005) (citing *eToll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 19 (Pa. Super. 2002)).

  7. In the instant matter, Mr. Weakley's relationship with Quality Companies, Element Financial, and Ms. Roberts arose purely out of the contractual

agreements. *See* Am. Compl. at Count II. Second, the duties Mr. Weakley has alleged were breached all stem from the alleged wrongful termination of the lease agreements in question. *Id.* Third, the only possible liability Mr. Weakley has alleged arose from the lease. *Id.* And, finally, the tort claim is essentially a duplication of the contract claim. *Id.*

8.  Therefore, in the event this Court chooses to allow Mr. Weakley's "breach of contract through negligence and/or gross negligence claim" to operate as separate contract and tort claims, which he has not pled, the gist of the action doctrine should foreclose the purported negligence and gross negligence claims as these claims are merely re-characterizations of the breach of contract claim.

WHEREFORE, PREMISES CONSIDERED, Defendants Quality Companies, Element Financial, and Ms. Roberts respectfully request this Honorable Court grant the Defendants' Amended Motion to Dismiss with prejudice and for such other and further relief deemed necessary and proper.

Respectfully submitted,

/s/ Bricker S. Daughtry
Bricker S. Daughtry
Michael C. Guarino
Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216

Telephone: (205) 822-2006
Facsimile: (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of June, 2016, the foregoing document was electronically filed with the Clerk of this Court and served upon the following using the CM/ECF system and a copy was sent via US mail, postage prepaid, to the following:

Timothy W. Weakley
Pro se Plaintiff
206 Teks Street
Florence, AL 35633

                                        /s/ Bricker S. Daughtry
                                        OF COUNSEL