UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| TIMOTHY WEAKLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:16-cv-00403-HNJ ) |
| JENNIFER ROBERTS and QUALITY COMPANIES, | ) ) ) ) |
| Defendants | ) |

# MEMORANDUM OPINION AND DISMISSAL ORDER

This civil action proceeds before the court on Defendants' Motion for Summary Judgment. (Doc. 47). In their Motion, Defendants argue that judicial estoppel merits dismissal of this case because the Plaintiff failed to list the lawsuit as an asset in a bankruptcy case he filed. Based upon the following discussion, the court **GRANTS** the motion.

### STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. Rule 56(a). Defendants, as the party seeking summary judgment, bear the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of

a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

A non-moving party demonstrates a genuine issue of material fact by producing evidence by which a reasonable fact-finder could return a verdict in its favor. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (citation omitted). In reviewing whether the non-moving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter; one should credit the non-movant's evidence and draw all justifiable inferences in its favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted). However, speculation or conjecture cannot create genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). A "mere scintilla of evidence" in support of the non-moving party also cannot overcome a motion for summary judgment. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004) (citation omitted).

**BACKGROUND**

On March 9, 2016, Plaintiff, proceeding pro se, commenced this action by filing his Complaint against Defendants. (Doc. 1). Plaintiff's most recent amended complaint alleges breach of fiduciary responsibility, breach of contract, and negligence, and Plaintiff seeks compensatory and punitive damages in the amount of $625,000. (Doc. 34). On September 21, 2016, Plaintiff filed a petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the Northern District

of Alabama. On page 6 of that petition, the signature page, Plaintiff signed his name electronically and declared "under penalty of perjury that the information provided [was] true and correct." (Doc. 48-2 at 6).

Schedule A/B requires a debtor to list "claims against third parties, whether or not [he has] filed a lawsuit or made a demand for payment," and "other contingent and unliquidated claims of every nature." (*Id.* at 15). Plaintiff marked "No" under both categories. (*Id.*) Furthermore, plaintiff listed two other pro se cases under the category for "[a]ny financial assets you did not already list." (*Id.*) Plaintiff did not list this action in his application. Plaintiff again declared the information provided in his schedules was true and accurate under the penalty of perjury. (*Id.* at 39).

The Statement of Financial Affairs instructed Plaintiff to list "any lawsuit, court action, or administrative proceeding" filed within one (1) year of his bankruptcy petition in which he was a party. (*Id.* at 42). Plaintiff listed the same two, pro se lawsuits disclosed in his Schedule A/B but failed to disclose this action. (*Id.*) Plaintiff signed the Statement of Financial Affairs, supposedly verifying all the information contained therein was "true and accurate." (*Id.* at 46).

Plaintiff filed four amended schedules and two amended Statements of Financial Affairs. (Doc. 48, Exhibits 3-8). Each amendment required Plaintiff to declare that the information contained therein was "true and accurate" under the penalty of perjury; however, he failed to disclose this action in all six amendments. The bankruptcy court

3

confirmed Plaintiff's Chapter 13 payment plan on November 17, 2016. (Doc. 48-9). Upon reviewing the bankruptcy case, Plaintiff still makes payments under the plan.

On April 21, 2017, Defendants filed the motion for summary judgment currently under consideration. As noted, judicial estoppel constitutes the grounds for that motion; Defendants argue that judicial estoppel bars the instant action because of Plaintiff's failure to disclose its existence in the bankruptcy petition. (Doc. 48).

## ANALYSIS

Defendants argue that they are entitled to dismissal of the case or a judgment in its favor because the doctrine of judicial estoppel bars this action. Plaintiff acknowledges that his initial bankruptcy petition failed to disclose the instant suit; however, he argues that the doctrine does not apply because that failure was inadvertent and he has since rectified the mistake.

Judicial estoppel operates as an equitable doctrine, invoked at the court's discretion, which precludes a party from asserting a claim in a legal proceeding inconsistent with a claim made in a previous proceeding. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The doctrine exists "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

In the seminal case in the Eleventh Circuit on the theory of judicial estoppel, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), a plaintiff filed for Chapter

4

13 bankruptcy before he initiated an action in federal court. At the time of his bankruptcy filing, he asserted that he had no contingent claims, which was accurate at the time of his filing. While the Chapter 13 bankruptcy proceedings were pending, the plaintiff filed a complaint yet failed to amend his Chapter 13 schedule to reflect the federal lawsuit. Further, he later converted his bankruptcy proceeding to Chapter 7 petition yet again failed to disclose his pending lawsuit.

In ruling on the defendant's motion for summary judgment, the district court applied the principle of judicial estoppel and granted summary judgment in its favor. The Eleventh Circuit affirmed the summary judgment with regard to claims for monetary relief, establishing two factors necessary for establishing the bar of judicial estoppel:

> "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system."

*Id.* at 1285 (*quoting Salomon Smith Barney, Inc. v. Harvey, M.D.,* 260 F.3d 1302, 1308 (11th Cir. 2001)). The Eleventh Circuit found that the plaintiff's failure to amend his petition, which he had submitted under oath to the bankruptcy court, satisfied the first element of judicial estoppel. *Id.* at 1286. As such, "the issue [became] one of intent." *Id.* When analyzing this factor, the court held that the record contained sufficient evidence from which to infer intentional manipulation by the plaintiff. *Id.* at 1287. The court held that several crucial facts—such as the plaintiff potentially gaining an advantage by

5

concealing the claims from the bankruptcy court—made it clear that the plaintiff possessed the requisite intent to mislead the bankruptcy court and correctly barred him from pursuing his claims. *Id.* at 1288.

Following the Eleventh Circuit's lead, district courts have applied the judicial estoppel doctrine in circumstances where plaintiffs filed lawsuits in federal court and subsequently filed bankruptcy petitions or supplements. *Traylor v. Gene Evans Ford, LLC*, 185 F. Supp. 2d 1338, 1340 (N.D.Ga. 2002)(plaintiff filed lawsuit and then filed bankruptcy schedule stating he was not participating in any lawsuits); *Scoggins v. Arrow Trucking Co.*, 92 F. Supp. 2d 1372, 1376 (S.D.Ga. 2000) (plaintiff demanded payment from alleged tortfeasor following car accident, then filed for bankruptcy in which he stated he did not have any claims, and then filed suit against alleged tortfeasor); *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861, 863-65 (N.D.Ala. 1999) (plaintiff filed an EEOC complaint and then filed bankruptcy schedule stating that he did not have any unliquidated claims).

While the *Burnes* factors are not exclusive or exhaustive, two primary considerations shape the judicial estoppel analysis here: (1) whether Plaintiff took inconsistent positions under oath in a prior proceeding, and (2) whether those inconsistencies were calculated to make a mockery of the judicial system. "These factors are flexible and not exhaustive, and courts should always consider the individual circumstances of a given case." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1245 (11th Cir. 2014) (citing *Burnes*, 291 F.3d at 1285–86).

6

Here, both of these factors favor dismissal of Plaintiff's claims for monetary relief pursuant to the doctrine of judicial estoppel.

*Inconsistent Positions Under Oath*

A "debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court." 11 U.S.C. §521(1), 541(a)(7). Potential assets include potential legal claims. *Spann v. DynCorp Technical Services, LLC*, 403 F. Supp. 2d 1082, 1086-87 (M.D.Ala. 2005). In *Burnes*, the Eleventh Circuit held that "the duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor *must amend* his financial statements if circumstances change." 291 F.3d at 1286 (emphasis added). Because the bankruptcy court relies on the information disclosed by a debtor, the Court cannot overemphasize the importance of full disclosure. *Luna v. Dominion Bank of Middle Tennessee, Inc.*, 631 So.2d 917, 918 (Ala. 1993) (quoting *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1998)).

Plaintiff submitted his financial disclosure forms under oath to the bankruptcy court, and he failed to amend those forms when his circumstances changed. Although Plaintiff made no direct misrepresentation under oath, his failure to amend his schedule of assets when he filed for bankruptcy constitutes an inconsistent position under oath. *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010) (citing *Ajaka v. BrooksAmerica Mortgage Corp.*, 453 F.3d 1339 (11th Cir. 2006)). That Plaintiff listed two other *pro se* cases on his initial bankruptcy petition indicates awareness of his duty to

7

disclose this lawsuit to the bankruptcy court. Furthermore, Plaintiff never added this instant action to his schedules during the six times he amended them prior to the Defendants filing their summary judgment motion. Plaintiff's argument that he failed to inform his spouse about these lawsuits when she completed the bankruptcy petition may explain the failure to disclose in the initial application, but it does not satisfy the inquiry as to the nondisclosure in the six amendments.

"Because there is no question that [Plaintiff] failed to assert his [claim] as an asset in the bankruptcy proceeding, the first prong of [the] judicial estoppel test is satisfied." *Ajaka*, 453 F.3d at 1344; *see also Robinson*, 595 F.3d at 1275 ("By failing to update her bankruptcy schedule to reflect her pending claim, Robinson represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against Tyson in the district court. These actions, both taken under oath, are clearly inconsistent.") Having satisfied the first aspect of the *Burnes* test, the discussion of judicial estoppel's applicability moves to examining Plaintiff's intent at the time he took these inconsistent positions.

*The Inconsistencies Demonstrate a Motive to Conceal This Lawsuit*

The Eleventh Circuit requires "intentional contradictions, not simple error or inadvertence," when applying judicial estoppel to a case. *Burnes*, 291 F.3d at 1286; *see also Robinson*, 595 F.3d at 1275. In *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), the Eleventh Circuit found that "the failure to comply with the Bankruptcy Code's disclosure duty is 'inadvertent' only when a party either lacks knowledge of the

8

undisclosed claim or has no motive for their concealment." *Id.* at 1295. When considering whether judicial estoppel applies to a lawsuit due to the omission of assets in a bankruptcy case, courts may infer deliberate or intentional concealment based upon the undisputed facts in the proceedings. *Burnes*, 291 F.3d at 1287 (citing *In re: Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999); *Payless Wholesale Distrib., Inc. v. Albertro Culver, Inc.*, 989 F.2d 570 (1st Cir. 1993); *Oneida*, 848 F.2d 414 (3d Cir. 1998)).

Plaintiff's failure to amend his schedule of assets would not be fatal if the record supported Plaintiff's assertion that the omissions resulted from inadvertence or oversight. Plaintiff does not and cannot disclaim knowledge of his claims against Defendants, as he personally filed the complaint in this action on March 9, 2016, six months before filing for bankruptcy. Plaintiff also cannot overcome the inference that he possessed a motive for concealing his claims.

The Eleventh Circuit has repeatedly inferred a debtor's direct financial motive for concealing claims for monetary relief. *See, e.g.*, *Robinson,* 595 F.3d at 1275-76 (Chapter 13 debtor had motive to conceal claims because she could have settled those claims, kept the proceeds for herself, and denied creditors a fair opportunity to claim those funds); *Barger,* 348 F.3d at 1296 ("Omitting the [claims] from the schedule of assets appeared to benefit her because, by omitting the claims, she could keep any proceeds for herself and not have them become part of the bankruptcy estate."); *De Leon,* 321 F.3d at 1291-92 (11th Cir. 2003) (Chapter 13 debtor had motive to conceal claim from bankruptcy court "because the hiding of assets affects the amount to be discounted and

9

repaid."). Because Plaintiff stood to benefit financially at his creditors' expense by concealing this action, the Court infers from the record his intentional manipulation of the judicial system.

Plaintiff argues that Defendants cannot bring a successful judicial estoppel argument because Plaintiff has amended its schedules to include the instant action. The Eleventh Circuit has repeatedly held that "allowing [a debtor] to . . . amend [his] bankruptcy filings, only after [his] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [he] is caught concealing them." *Burnes*, 291 F.3d at 1288; *see also Barger,* 348 F.3d at 1297 ("Barger's attempt to reopen the bankruptcy estate to include her discrimination claim hardly casts her in the good light she would like . . . ."); *Hands v. Winn-Dixie Stores, Inc.*, No. 09-0619-WS-N, 2010 WL 4496798, at *4 (S.D.Ala. Nov. 1, 2010) ("To excuse [plaintiff's] misconduct would be to encourage litigants to play fast and loose with the judicial system, secure in the knowledge that, if caught, the only adverse repercussion would be making the disclosure that should have been made in the first instance.")

Here, Plaintiff made no efforts to amend his bankruptcy petition and disclose this action to the bankruptcy court until Defendants relied on it as grounds for dismissal. Combined with the fact that Plaintiff disclosed two lawsuits as assets on Schedule A/B and on the Statement of Financial Affairs, Plaintiff's actions indicate intent to conceal this lawsuit from the bankruptcy court. Such delay creates a strong inference of intentional manipulation that Plaintiff has done little to dispel.

As Defendants correctly argued in their Motion for Summary Judgment, the Eleventh Circuit and the Supreme Court of Alabama have consistently held that factually similar actions by other plaintiffs constituted inconsistent statements under oath calculated to make a mockery of the judicial system. The cases that Defendants cite—*Robinson*, *Hands*, *Brooks v. Norfolk Southern Railway Co.*, 52 So.3d 484, 487 (Ala. 2010), and *Martin v. Cash Express, Inc.*, 60 So. 3d 236, 239 (Ala. 2010)—all involve plaintiffs who failed to disclose certain legal claims in their bankruptcy petitions, and each plaintiff's circumstances justified the courts' application of judicial estoppel. Not only did Plaintiff fail to include this action in his initial bankruptcy petition, he also failed to include it during the six times he amended his schedules under his Chapter 13 plan. Ultimately, Plaintiff amended his schedule to include this case only after Defendants filed their motion for summary judgment, 229 days after filing for bankruptcy.

Plaintiff insists that he possessed no intent to deceive the court and that the omission was accidental. To be sure, that Plaintiff listed two other lawsuits in his bankruptcy proceeding may indicate he inadvertently excluded this lawsuit from the petition and its schedules, and thus, he did not intend to conceal the lawsuits from his creditors. That is, why would Plaintiff neglect to list this lawsuit, and a companion action based upon the same circumstances (*Weakley v. Eagle Logistics, et al.*, No. 3:16-cv-205-HNJ), from the bankruptcy petition yet include two other actions?

11

The bankruptcy petition provides an answer striking at the heart of the inquiry. Plaintiff listed the other two lawsuits on a Schedule C regarding "Property Claim[ed] as Exempt," and he claimed exemptions of $8,000 and $4,090 for those two actions. (Doc. 48-2 at 19; Doc. 48-5 at 12; Doc. 48-8 at 12). Therefore, Plaintiff claimed any proceeds from those two lawsuits were protected from his creditors by statutory provision. That he failed to list this lawsuit – for which he seeks in excess of $600,000 and an unstated amount of punitive damages – and the other lawsuit (for which he seeks $14,300,000, and an unstated amount of punitive damages), indicates a motive to exclude the potentially more lucrative, non-exempt lawsuits from the bankruptcy proceedings. This inference solidifies upon acknowledgement that Plaintiff has filed four other bankruptcy petitions (Doc. 48-2 at 9), demonstrating that Plaintiff should have been familiar with the disclosure requirements in that venue.

The court finds that judicial estoppel precludes Plaintiff Timothy Weakley from pursuing his monetary claims against Jennifer Roberts and Quality Companies, due to the nondisclosure of these claims in his Chapter 13 bankruptcy proceedings.

## CONCLUSION

In the absence of countervailing facts and circumstances, the court orders that Plaintiff is ESTOPPED from pursuing his monetary claims in this action. Furthermore, the Plaintiff does not seek any injunctive relief in his amended complaint. Therefore, the court GRANTS Defendants' Motion for Summary Judgment and DISMISSES WITH PREJUDICE Plaintiffs' claims.

DONE and ORDERED this 31st day of August, 2017.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE